**FILED**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NOV 29 2010

DAVID CREWS, CLERK
By /s/ Deputy

THOMAS EDWIN LODEN, JR.,

    Petitioner,

NO. 1:10CV311-WAP

v.

CHRISTOPHER EPPS, COMMISSIONER,
DEPARTMENT OF CORRECTIONS AND
JIM HOOD, ATTORNEY GENERAL.

    Respondents.

---

## MOTION FOR APPOINTMENT OF COUNSEL

---

Pursuant to 18 U.S.C. § 3599, Petitioner Thomas Edwin Loden, Jr., an indigent death sentenced inmate, hereby requests that the Court appoint counsel to represent him in the litigation of his petition for writ of habeas corpus to be filed before this Court. Specifically, Petitioner requests that the Court appoint Morrison & Foerster LLP attorneys Mark R. McDonald, Charles E. Patterson, and Charles S. Barquist, as well as Stacy Ferraro of Flora, Mississippi.

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

On November 21, 2000, Thomas Edwin Loden, Jr. was indicted and charged with capital murder, rape, and four counts of sexual battery. James Johnstone and David Daniels were appointed to represent Loden. From the beginning, Johnstone and Daniels failed to represent Loden adequately. During his initial interviews, Loden described, among other things, the physical and sexual abuse he suffered as a child, his troubled marriage and the despair it caused Loden on the night of the murder, and – despite his illustrious military career – the trauma he suffered while serving in the Gulf War resulting in Complex Post-Traumatic Stress Disorder.

Yet, his attorneys failed to follow up or investigate many of these issues despite Loden's requests. At a suppression hearing, Johnstone and Daniels failed to contest key State evidence collected under suspicious circumstances. Despite Loden's frequent requests, his counsel failed to provide him with the State's evidence until after the suppression hearing. When Loden communicated his thoughts and desire to challenge the evidence further, they simply ignored him. As trial quickly approached and without any adequate preparation, Johnstone and Daniels erroneously advised Loden that if he pled guilty and was sentenced to death, the Mississippi Supreme Court would review all of the trial court's rulings, including the ruling at the suppression hearing.

Based on this erroneous advice, Loden pleaded guilty on September 21, 2001 to all counts in the indictment, and waived his right to a jury at trial and in sentencing. During the sentencing hearing, Johnstone and Daniels failed to object to any of the State's aggravating evidence and, after having failed to prepare a mitigation case or even discuss with Loden what evidence might be helpful, they stated that Loden waived presentation of any mitigation evidence. Judge Thomas J. Gardner, III of the First Circuit Court of Itawamba County accepted Loden's plea and sentenced Loden to death by lethal injection. The Mississippi Supreme Court affirmed the conviction and death sentence, and denied Loden's first petition for post-conviction relief. *Loden v. State*, 971 So. 2d 548 (Miss. 2007). The United States Supreme Court denied Loden's petition for a writ of certiorari on October 6, 2008. *Loden v. Mississippi*, No. 07-10475, 129 S. Ct. 45 (Oct. 6, 2008). Loden filed his second petition for post-conviction relief on December 8, 2008. The Mississippi Supreme Court denied that second petition on April 15, 2010. *Loden v. State*, No. 2007-DR-01758-SCT, 2010 Miss. LEXIS 204 (Miss. Apr. 15, 2010). A timely filed motion for rehearing was denied on September 23, 2010, and the Mississippi Supreme Court

la-1094095

issued its mandate on September 30, 2010. *Loden v. State*, No. 2007-DR-01758-SCT, 2010 Miss. LEXIS 500 (Miss. Sept. 23, 2010),

Pursuant to the relevant statute of limitations provision of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the limitations period on Loden's petition for a writ of habeas corpus began to run on October 6, 2008, when the Supreme Court denied Loden's petition for certiorari on his direct appeal. *See* 28 U.S.C. § 2244(d)(1)(A) (limitation period on petition for a writ of habeas corpus begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Giesberg v. Cockrell*, 288 F.3d 268, 270-71 (5th Cir. 2002) (for purposes of AEDPA's one-year limitations period, a conviction becomes final when the United States Supreme Court denies a defendant's petition for certiorari).

Loden timely filed his second petition for state post-conviction relief on December 8, 2008. The filing of that petition tolled the AEDPA statute of limitations period. 28 U.S.C. § 2244(d)(2) ("time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection"). The Mississippi Supreme Court denied post-conviction relief on April, 15 2010, denied rehearing on September 23, 2010, and issued its mandate on September 30, 2010. Thus, as of that date, Loden had over 300 days remaining on his one-year federal limitations period.

## II. THIS COURT MUST APPOINT COUNSEL TO REPRESENT LODEN IN HIS FIRST FEDERAL PETITION FOR A WRIT OF HABEAS CORPUS

Congress has declared that indigent death-sentenced inmates have the right to the appointment of counsel for federal habeas corpus proceedings. *See* 18 U.S.C. § 3599 (formerly

21 U.S.C. § 848(q)(4)-(10));[1] *see also* 18 U.S.C. § 3005. The United States Supreme Court has also recognized the right to qualified counsel given "'the seriousness of the penalty and . . . the unique and complex nature of the litigation.'" *McFarland v. Scott*, 512 U.S. 849, 855 (1994) (quoting 21 U.S.C. § 848(q)(7)).

The right to counsel attaches prior to the filing of a habeas petition; otherwise, condemned prisoners would not have meaningful access to the remedy of habeas corpus without the assistance of counsel. *See* 18 U.S.C. § 3599(2) (a death penalty defendant in post-conviction proceedings pursuant 28 U.S.C. § 2254 who is "financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services"). In construing the identical provision formerly set forth in 21 U.S.C. § 848(q)(4)(B), the United States Supreme Court recognized that

> Congress' provision of a right to counsel under § 848(q)(4)(B) [now 18 U.S.C. § 3599(a)(2)] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." § 848(q)(7) [now 18 U.S.C. § 3599(d)]. An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "the complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland*, 512 U.S. at 855-56 (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)). The Court further explained that, as illustrated by the provision making investigative and expert resources available to counsel upon

---

[1] In 2006, Congress moved the federal provisions on appointment of counsel for habeas petitioners challenging death sentences to 18 U.S.C. § 3599 from 21 U.S.C. § 848(q)(4)-(10). *See* USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. No. 109-177, § 222, 120 Stat. 192, 231 (2006).

4

la-1094095

request and a showing of petitioner's financial need, Congress clearly intended the appointment of counsel to occur prior to the filing of the habeas petition since these services "may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified." *Id.* at 855.

More specifically, Section 3599 requires appointment of "at least one attorney" who "has been admitted to practice in the court of appeals for not less than five years" and who has "not less than three years experience in the handling of appeals in that court in felony cases." 18 U.S.C. § 3599(c). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of litigation." 18 U.S.C. § 3599(d).

### A. Loden Qualifies for Appointment of Counsel Pursuant to 18 U.S.C. § 3599(a)(2).

As a threshold matter, under 18 U.S.C. § 3599(a)(2), Loden must be "financially unable to obtain adequate representation" in order to qualify for court-appointed counsel. Loden clearly meets this standard as he has been incarcerated for over 10 years with no independent means of financial support. Loden's concurrently-filed application to proceed *in forma pauperis* confirms his indigence.

### B. This Court Should Appoint Morrison & Foerster LLP and Ms. Ferraro as Loden's Counsel

Pursuant to these provisions, Loden requests that this Court appoint Morrison and Foerster LLP and Stacy Ferraro to serve as counsel in this matter.

The interests of justice dictate that Morrison & Foerster LLP should be appointed to represent Loden. Morrison & Foerster attorneys have already devoted considerable time, energy,

and resources in assisting Loden thus far, and they have become intimately familiar with the facts and issues involved in this case.

After agreeing to represent Loden on a pro bono basis, Morrison & Foerster assisted Loden in filing his second petition for post-conviction relief, and the motion for reconsideration after that petition was denied. Morrison & Foerster has conducted extensive factual and legal research, engaged investigators, and contacted many of the witnesses whose testimony will be crucial in the disposition of Loden's petition for a writ of habeas corpus. Morrison & Foerster attorneys' extended involvement in this case have made them familiar with the relevant facts and issues in this petition, so their continued involvement as formally appointed counsel would be appropriate here.

Moreover, the attorneys from Morrison & Foerster are qualified to litigate Loden's petition. Mr. McDonald has been licensed to practice law in the State of California since December 1988. He is a member of the bars of the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, and all District Courts for the State of California. In addition, Mr. McDonald successfully litigated a first degree murder habeas case obtaining a determination from the Ninth Circuit that the district court erred in failing to provide his client an evidentiary hearing based on evidence of inadequate assistance of counsel. *Turner v. Duncan*, 158 F.3d 449, 456-59 (9th Cir. 1998). On remand, the district court overturned his client's first-degree-murder conviction. *Turner v. Duncan*, No. CV 95-0079-MRP (RC), slip op. (C.D. Cal. Aug. 31, 1999.)

Mr. Patterson has been licensed to practice law in the State of Missouri since September 1966 and in the State of California since December 1985. He is a member of the bars of the United States Supreme Court, the United States Court of Appeals for the Seventh, Eighth, Ninth,

Tenth, Eleventh and DC Circuits, and all District Courts for the States of California and Missouri. Mr. Patterson has relevant experience at all levels of death penalty litigation, including handling 4 death cases at the trial court level, numerous appeals, and 5 prior federal habeas cases.

Mr. Barquist has been licensed to practice law in the State of New York since 1979 and in the State of California since June 1988. He is a member of the bars of the United States Court of Appeals for the Second, Sixth and Ninth Circuits, the United States Court of Appeals for the Federal Circuit, all United States District Courts in the State of California, the United States District Courts for the Southern and Eastern District of New York, the United States District Court for the Eastern District of Kentucky, and the United States District Court for the District of Colorado.

Finally, Morrison & Foerster has associated with Stacy Ferraro of Flora, Mississippi to litigate Loden's petition. Ms. Ferraro is currently in private practice but has extensive experience representing clients in capital cases at the trial, direct appeal, and post-conviction stages. Ms. Ferraro has been licensed to practice law in the State of Mississippi since 2001. Stacy Ferraro's practice has focused exclusively on preparation for capital trials, review of capital trials, and preparation for post-conviction proceedings in capital cases. Before going into private practice in 2009, Ms. Ferraro worked for the Mississippi Office of Capital Defense Counsel and then the Mississippi Office of Capital Post-Conviction Counsel. Ms Ferraro helped organize and served as a trainer at the "Bring Your Own Case" capital defense training offered in January 2008 by the Mississippi Office of Capital Defense Counsel. In 2008, 2009, and 2010, she has attended seminars in federal habeas corpus practice and procedure sponsored by the Habeas Assistance Project of the Administrative Office of the United States Courts. She is a

la-1094095

member of the bars of United States Court of Appeals for the Fifth Circuit, United States District Courts for both the Northern and Southern District of Mississippi.

Petitioner has indicated his desire to have Morrison & Foerster LLP and Stacy Ferraro represent him.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court appoint Morrison & Foerster LLP attorneys Mark R. McDonald, Charles E. Patterson, and Charles S. Barquist, as well as Stacy Ferraro to represent him in these habeas corpus proceedings.

Respectfully submitted,

By: *Stacy Ferraro*
Stacy Ferraro
MS Bar #100263
P.O. Box 708
Flora, MS 39071
Telephone: 601-853-8331
Facsimile: 601-853-8331

Charles E. Patterson
Charles S. Barquist
Mark R. McDonald
MORRISON & FOERSTER LLP
Attorneys for Petitioner
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892-5454

## CERTIFICATE OF SERVICE

I, Stacy Ferraro, do hereby certify that I have this day, November 24, 2010, caused to be delivered via United States Mail, first class postage prepaid, a true and correct copy of the foregoing Motion for Appointment of Counsel to the following:

Jim Hood
Attorney General
P. O. Box 220
Jackson, MS 39205

So certified this the 24 day of November, 2010.

*Stacy Ferraro*

9

la-1094095