# EXHIBIT B

FILED

MAR 16 20??

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

## IN THE CIRCUIT COURT OF ITAWAMBA COUNTY, MISSISSIPPI

THOMAS EDWIN LODEN, JR.            PETITIONER

VS.           CAUSE NO.: CV03-090(G)I

STATE OF MISSISSIPPI

2006-TS-432

### ORDER AND OPINION

This cause comes before the Court on Petitioner's Motion for Post-Conviction Collateral Relief, filed pursuant to *Miss. Code Ann.* § 99-39-1, et seq. Petitioner pled guilty to the crime of capital murder. He was sentenced to death.

Petitioner alleges that he was denied effective assistance of counsel. Petitioner claims that he was not properly informed by counsel that, by pleading guilty, he was waiving his right to appeal. To prove ineffective assistance, Petitioner bears the burden of showing that there were deficiencies in his counsel's performance, and that the deficient performance prejudiced the Petitioner. **Strickland v. Washington**, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is the strong presumption that counsel's performance was within a wide range of reasonable professional assistance. **Moody v. State**, 644 So.2d 451, 456 (Miss.1994). A presumption exists that the attorney's conduct was adequate. **Burns v. State**, 813 So.2d 668, 673 (Miss. 2001). When evaluating the effectiveness of counsel, the alleged deficiency and any prejudicial effect are measured by looking at the totality of circumstances. **Hiter v. State**, 660 So.2d 961, 965 (Miss. 1995).

This Court finds that a review of the record reveals there is no merit to Petitioner's claim of ineffective assistance of counsel based on allegations that his attorney did not properly advise him, that by pleading guilty, he was waiving his right to

appeal. Specifically, at the guilty plea hearing, the Court advised Petitioner of his rights. Petitioner acknowledged that he was giving up his right to appeal by pleading guilty to the charge.

Petitioner was informed in his lengthy guilty plea hearing of the important constitutional rights that he was waiving by entering a plea of guilt. In addition, Petitioner stated under oath at the plea hearing that he had been fully advised of all aspects of his case by his counsel, including the nature and elements of the charge. Subsequently, at the guilty plea hearing, the Court advised Petitioner of the charges against him and asked him if he understood that charge, to which he replied in the affirmative.

The Court questioned the Petitioner concerning his understanding of his constitutional rights as a criminal defendant. The Court fully advised Petitioner that he was waiving his right to appeal. The Court then found that Petitioner had entered a knowing and voluntary plea.

The record speaks for itself. The Court specifically stated at the plea hearing that "Do you understand that if you proceed through the course of this and the Court makes a determination of your guilt, you will have no right to appeal that? Do you understand that?" Petitioner testified that he understood. See *Jennings v. State*, 896 So.2d 374, 377 (Miss.Ct.App. 2004) (holding, Petitioner's claim that he was unaware that he was waiving his right to appeal upon pleading guilty is without merit when the record speaks for itself).

Since the record "clearly belies" the allegation made in his motion for post-conviction relief, there is no merit to Petitioner's claim that he was unaware that he was

waiving his right to appeal. **Ford v. State**, 708 So. 2d 73, 76-77 (Miss. 1998). Additionally, a review of the record reveals that there is no merit to Petitioner's claim of ineffective assistance of counsel, inasmuch as the guilty plea hearing transcripts provide evidence to the contrary. **Id.** at 77. Petitioner has raised no meritorious issue in his motion for post-conviction relief that causes the Court to question the integrity of Petitioner's sworn statements both in writing and during the guilty plea, as reflected in the transcript.

**IT IS THEREFORE ORDERED** that the Petitioner's Motion for Post-Conviction Relief be and same is **DISMISSED** pursuant to Miss. Code Ann. § 99-39-11 (2000). **IT IS FURTHER ORDERED** that the Clerk of this Court shall mail a certified copy of this Order to the Petitioner.

**SO ORDERED** this, the 15 day of February, 2006.

_____
**CIRCUIT COURT JUDGE**

**FILED**

FEB 1 6 2006

Carol Gates, Circuit Clerk
DC_____

STATE OF MISSISSIPPI, Itawamba County
I, Carol Gates, the undersigned Circuit Clerk of said county hereby certify that this instrument is a true and correct copy of Order + Opinion, as filed and recorded in my office in book 56 page 646, 647 + 648
Witness my hand and seal this 13th day of March 20 06.
(SEAL) Carol Gates, Circuit Clerk

56/648