IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION


THOMAS EDWIN LODEN, JR.                                                    PETITIONER

v.                                                  CIVIL ACTION NO.:  1:10CV311-NBB

CHRISTOPHER EPPS and
JIM HOOD                                                                   RESPONDENTS


**ORDER DENYING MOTION TO AMEND JUDGMENT**

Petitioner moves the Court pursuant to Rule 52 and Rule 59 of the Federal Rules of Civil Procedure to amend its September 18, 2013, judgment denying his claims and dismissing his federal habeas petition. Respondents failed to respond to the motion. Having considered all of the arguments raised by Petitioner, the Court determines that Petitioner fails to demonstrate any of the narrow circumstances that would warrant amendment to the judgment, for the reasons that follow.

**Applicable Standards**

Rule 59(e) of the Federal Rules of Civil Procedure allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move for reconsideration of a final judgment where there exists a need to: (1) correct a clear error or prevent manifest injustice; (2) present previously undiscoverable evidence; or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Although courts have discretion whether to reopen a case under Rule 59(e), that discretion is to be sparingly exercised to strike a proper balance between

1

the need to finalize the litigation at issue and the need to render a "just decision[] on the basis of all the facts." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Rule 52(b) of the Federal Rules of Civil Procedure states that "the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Its purpose, generally, is to correct manifest errors of law or fact. *See Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

## Discussion

**1. Counsel's Failure to Prepare a Mitigation Case**

Petitioner claims that the Court's Order fails to address his argument that counsel's failure to develop and present a case in mitigation contributed to his decision to plead guilty and waive jury sentencing. He argues that the Court's conclusions "fail to confront the fact that Loden never had a real choice, and that the only evidence in the record is that *if* counsel had prepared a reasonably thorough mitigation case, Loden would have agreed to present it." (Mot. to Amend at 3). He notes that his affidavit filed in conjunction with his federal habeas petition states: "Had I been properly advised, I would not have pled guilty or waived a jury for sentencing, and I would have insisted that my attorneys present mitigation evidence on my behalf." (Pet. Ex. 1, Loden's Aff.). This affidavit entitles him, at minimum, he contends, to an evidentiary hearing on the issue.

The Court did consider Petitioner's argument that his counsel's failure to develop and present a case in mitigation contributed to his decision to plead guilty and waive jury sentencing. The Court's consideration of Petitioner's argument was specifically noted in its Order. (*See, e.g.*, Order at 23-24) ("He argues that [his attorneys] did not discuss with him what might be presented as mitigating evidence, and that, had he been properly advised, he would not have waived the presentation of evidence or jury sentencing."). The Court's conclusion that Petitioner failed to demonstrate an entitlement to relief relating to counsel's investigation and presentation

2

of mitigating evidence, advice concerning Petitioner's guilty plea, and waiver of jury sentencing encompass the claim Petitioner maintains was omitted from consideration. (*See, e.g.*, Order at 22-54). Additionally, the Court recognizes that Petitioner's claims of ineffective assistance of counsel do not include mutually exclusive facts or arguments, and the Court's grant of a Certificate of Appealability ("COA") as to all of his ineffective assistance claims reflects the Court's appreciation for the argument that whether counsel rendered ineffective assistance with regard to trial preparation or plea advice impacts the validity of Petitioner's guilty plea and waiver of jury sentencing.

Petitioner also argues that the Mississippi Supreme Court failed to apply the correct test to the circumstances surrounding trial counsel's representation, as it determined Petitioner could not show prejudice because he decided not to present mitigating evidence. He claims that the correct test is whether Petitioner has shown "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Mot. to Amend at 7, citing *Missouri v. Frye*, 132 S. Ct. 1399 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))). He notes that this Court mentioned the test in its Order but then omitted to discuss the Mississippi Supreme Court's failure to apply it. (Mot. to Amend at 7). He contends that the state court did not discuss whether Petitioner would have pleaded guilty, waived jury sentencing, or put on a mitigation case had he been properly advised, and that the decision, therefore, is contrary to and an unreasonable application of *Frye*. Because *Frye* is the applicable test, he contends, the Mississippi Supreme Court's reasoning was in error.

In its initial review of this case, the Mississippi Supreme Court rejected Petitioner's challenge to the trial court's determinations as to the voluntariness of the plea and the assistance trial counsel provided in connection with the plea. *See Loden v. State*, 971 So. 2d 548, 571-74 (Miss. 2007). It stated that "[t]his Court finds that the circuit court was not 'clearly erroneous' in finding that counsel's performance was not deficient." *Id*. at 574. Considering the allegation on

3

post-conviction review that trial counsel failed to investigate and present mitigating evidence, the court cited *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007), where the Supreme Court held that "it was not objectively unreasonable for [a state] court to conclude that a defendant who refused to allow the presentation of any mitigating evidence could not establish *Strickland* prejudice based on his counsel's failure to investigate further possible mitigating evidence." *See Loden v. State,* 43 So. 3d 365, 381-85 (Miss. 2010). The Mississippi Supreme Court's prejudice discussion was appropriate to the issue it was confronting.

Petitioner also maintains that, even if *Landrigan* is applicable, the facts of this case are different, as the defendant in *Landrigan* repeatedly interrupted and sabotaged defense efforts. *See Landrigan*, 550 U.S. at 477 (finding that the defendant repeatedly interrupted the court and behaved in a way that "would have undermined the presentation of any mitigating evidence that his attorney might have uncovered"). Petitioner maintains that it is not clear that he would not have allowed the presentation of evidence.

The totality of the evidence in the record before the Court indicates that, at the time he pleaded guilty, Petitioner did not want to go to trial, did not want to present evidence to mitigate punishment, and did not want counsel to make efforts to cross-examine the witnesses presented by the State in the punishment phase of trial. The state court's determination that Petitioner would not have allowed counsel to present mitigating evidence at sentencing is not unreasonable.

Petitioner also argues that "[t]he finding that Loden's counsel conducted a constitutionally adequate investigation is an error of law, and also does not address Loden's argument that his counsel was not in any position to present a mitigation case." (Mot. to Amend at 11). The Court notes that its review of the state court's decision is not governed by the *Strickland* standard itself, but rather, by the deferential provisions of the Antiterrorism and Effective Death Penalty Act. *See Harrington v. Richter,* ___ U.S. ___, 131 S. Ct. 770, 785 (2011) ("A state court must be granted deference and latitude that are not in operation when the

4

case involves review under the *Strickland* standard itself."). The Court finds this to be an iteration of the arguments already presented and discussed in its Order, and for the reasons set forth therein, it rejects Petitioner's claim. (*See, e.g.*, Order at 34-40).

Finally, Petitioner argues that the Court applied a "brutality obviates mitigation" prejudice standard that has been rejected by the Fifth Circuit, and he argues that it is error to assume that no juror could have found any of Petitioner's mitigation evidence persuasive. *See, e.g., Walbey v. Quarterman*, 309 F. App'x 795, 804 (5th Cir. 2009) (citing *Gardner v. Johnson*, 247 F.3d 551, 563 (5th Cir. 2001) (finding the argument "that the heinous and egregious nature of the crime would have ensured assessment of the death penalty even absent the psychiatric testimony about future dangerousness cannot carry the day here")). Petitioner otherwise argues that "there are numerous examples of juries being unable to unanimously agree on death despite the presence of substantial aggregating circumstances," and he contends that the Court erred in relying upon the brutality of the crime to find that counsel's failure to investigate mitigating circumstances did not prejudice Petitioner. (*See, e.g.*, Mot. to Amend at 27).

Petitioner was not sentenced by a jury. He was sentenced by the trial court after he entered a waiver of jury sentencing and declined to present a case in mitigation of punishment. In its Order, this Court addressed the brutality of the crime in relation to the evidence trial counsel was alleged to have failed to uncover and present. (*See* Order at 35-41). While the brutality of the crime is not a conclusive factor, it is relevant to a determination of prejudice under *Strickland*. *See, e.g., Vasquez v. Thaler*, 389 F. App'x 419, 428 (5th Cir. 2010) ("We have, therefore, repeatedly upheld the commonsense notion that the relative mix of mitigating and aggravating evidence must be reassessed when a court engages in a *Strickland* prejudice analysis.") (citations omitted). The requested relief is denied.

## 2. Counsel's Failure to Litigate Need for Assistance of Forensic Social Worker

Petitioner argues that the Mississippi Supreme Court found trial counsel's motion for funds to retain a mitigation investigator to be deficient, and that the Court erred in finding counsel's motion for funds did not constitute deficient performance under *Strickland*. Petitioner claims that the Court found trial counsel's request for a mitigation specialist "well-cited," (Order at 57), but that the Mississippi Supreme Court held that the motion "set forth only generic reasons for the need of an additional expert, which effectively mirrored his prior requests to obtain an investigator and an expert in the field of psychology." *Loden*, 971 So. 2d 548, 564 (Miss. 2007). He notes that the Mississippi Supreme Court found the request to amount to "unsubstantiated assertions" of the need for assistance. *Id.* Petitioner maintains that, because the Court's rejection of this claim "was predicated on a factual presupposition which is at odds with the state court's findings," it should reconsider Petitioner's claim. (Mot. to Amend at 19).

On direct appeal, Petitioner argued that the trial court erred in denying him funds to retain the assistance of a forensic social worker. The Mississippi Supreme Court noted that Petitioner had been provided with funds or investigative assistance; he had been provided funds for the assistance of a psychologist; he only gave generic reasons for the need of an additional expert; and he conceded that the forensic social worker's services were "indistinguishable" from the other experts. *Loden*, 971 So. 2d at 564. It held that "[t]he lower court did not err in concluding that [the forensic social worker's] redundant services were not justified." *Id*. It also found, in the alternative, that the issue was moot due to Petitioner's choice to forego the presentation of mitigating evidence to the circuit court. *Id*. at 564 n.15. On post-conviction review, in the context of an ineffective assistance of counsel claim, the Mississippi Supreme Court found the issue barred by *res judicata*, and otherwise without merit and moot. *Loden,* 43 So. 3d at 388.

Assuming, *arguendo*, that the Mississippi Supreme Court's direct appeal decision can be read as endorsing a view that counsel was deficient in the preparation of the motion, and that this Court's determination that the motion was "well-cited" in the context of an ineffective assistance claim constitutes a finding at odds with that determination, the Court finds that such an error would not entitle Petitioner to relief on this issue. As the Court noted in its Order, "Loden was given funding to hire an investigator, he was provided a full evaluation by the forensic staff at the Mississippi State Hospital, and he was provided the services of an independent psychologist upon defense counsel's motion. He was given 'the basic tools of an adequate defense.'" (Order at 57, citations omitted).[1] The rejection of the claim was not unreasonable under *Strickland*.

Alternatively, Petitioner asks that the Court grant a COA on this issue. The Court considered this claim under Ground I.C.I. (*See* Order at 55). The Petitioner has already been granted the alternative relief he now requests. The Petitioner was granted a COA on the ineffective assistance of counsel claims in Ground 1.C. (*See* Order at 95; Final Judgment).

**3. Insufficiency of the Evidence to Support "Avoiding Arrest" Aggravator**

Petitioner argues that this Court erred in agreeing with the Mississippi Supreme Court that the evidence was sufficient for a rational fact finder to infer that a substantial reason for the victim's death was for Petitioner to avoid arrest. *See Jackson v. Virginia*, 443 U.S. 307 (1979) and *Lewis v. Jeffers*, 497 U.S. 764, 783 (1990) (holding evidence is insufficient to support the finding of aggravating circumstances only if, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the prosecution, no rational trier of fact could have found the existence of the aggravator beyond a reasonable doubt based on the evidence adduced at trial).

---

[1] The Court also agreed that Petitioner's claim was moot under *Landrigan*, as he refused to allow the presentation of mitigation evidence. (Order at 57-58).

Specifically, Petitioner argues that only "two bits of proof" were used to support the aggravator: (1) the digging of a grave, and (2) Petitioner's statements to investigators. Petitioner argues that these pieces of evidence are insufficient to establish the "avoiding arrest" aggravator beyond a reasonable doubt. Petitioner argues that the digging of a grave shows, at most, that he decided after the victim's death to hide evidence of the homicide. He also maintains that his statement to investigators is "post-hoc speculation," and is insufficient to support the aggravator. He cites the following statement to investigators in support of his claim:

> Looking back now, I wouldn't have released her because I would've lost the image of being the picture perfect Marine. . . . I guess the big question of this is do I know that I killed Ms. Gray? Yes, I know I did. I have many questions as far as exactly how and why, but the next morning when I woke up, I saw the body, I knew I had done it.

(Trial Tr. vol. 7, 634-35).

Mississippi's "avoiding arrest" aggravator requires evidence from which it may reasonably be inferred that a substantial reason for the killing was to conceal the identity of the killer or killers or to cover their tracks so as to avoid apprehension and eventual arrest by the authorities. *See Leatherwood v. State*, 435 So. 2d 645, 651 (Miss. 1983). Petitioner argues that the evidence precluding such a finding is relevant to whether a rational fact finder could make the inference necessary to find the aggravator's existence. He argues that the following facts would preclude a fact finder from inferring that a substantial reason for the killing was to avoid arrest: his van was in plain sight of his grandmother's home; his van contained most of the evidence used against Loden, e.g., the victim's body, her clothes, the camcorder, and the videocassette; Petitioner made no attempt to conceal the van or its contents; and he was found not far from his grandmother's home with the words "I'm sorry" carved on his chest.

Petitioner argues that it is "sheer speculation to jump from these snippets [of evidence] to the conclusion required by *Leatherwood v. State*." (Mot. to Amend at 24). Petitioner cites

8

*Taylor v. State*, 672 So. 2d 1246, 1275 (Miss. 1996) in support of his claim, noting that the court there held that the "avoiding arrest aggravator cannot stand where only assumption and speculation on the part of the state exists to support it[.]" The Court notes, however, that the court in *Taylor* found "absolutely no evidence that a desire to avoid apprehension and arrest was a substantial reason for the killing[.]" *Id.* Here, Petitioner told investigators that he killed the victim to avoid detection. The fact that he phrased his decision to kill the victim in terms of his image does not negate this conclusion. (*See* Order at 86). Moreover, he hid her body underneath his van seat and dug a grave after he killed her. He also reported to law enforcement officials that he did not harm himself until after he saw a patrol car at his grandmother's farm. (*See id.*). The Court finds no reason to reject its conclusion as to this issue.

Petitioner also argues that the Court erred in finding reasonable the dicta in the State court opinion purporting to utilize harmless error or reweighing to support Petitioner's death sentence. (Order at 87-88); (*Loden*, 971 So. 2d at 567 n.18). Petitioner argues that the Mississippi Supreme Court has consistently refused to exercise that power when it actually finds an aggravating circumstance to have been unconstitutionally used in capital sentencing. (Mot. at 25; citing, e.g., *King v. State*, 656 So. 2d 1168, 1173 (Miss. 1995); *Wilcher v. State*, 635 So. 2d 789, 791 (Miss. 1993)). Rather, he argues, the Mississippi Supreme Court has held that capital defendants are entitled to have a jury weigh the aggravating and mitigating evidence before imposing the death penalty, and that the court cannot circumvent that right by applying a harmless error analysis or reweighing the evidence. (Mot. at 25).

In *Billiot v. Puckett*, the Fifth Circuit noted that Mississippi's "prohibition against reweighing or conducting a harmless error analysis was superseded by statute in 1994. Miss. Code Ann. § 99-19-105(3)(d) & 5(b). Accordingly, the Mississippi Supreme Court has held that only those whose convictions were final before August 23, 1994, are automatically entitled to a new sentencing hearing. *See Cole v. State*, 666 So. 2d 767 (Miss. 1995)." *Billiot v. Puckett*, 135

F.3d 311, 315 n.3 (5th Cir. 1998); *see also Nixon v. Epps*, 405 F.3d 318, 329-332 (5th Cir. 2005) (applying *Brecht* harmless error analysis to submission of prior violent felony aggravator). Petitioner was tried after 1994, and a harmless error analysis is appropriate even if the aggravator was improperly submitted to the sentencer. *See Simmons v. Epps*, 654 F.3d 526, 539 (5th Cir. 2011). Accordingly, this claim does not warrant the granting of the motion. Additionally, the Court does not find that Petitioner has made a substantial showing of the denial of a constitutional right; therefore, it does not find that it committed error in refusing Petitioner a COA on this claim. *See* 28 U.S.C. § 2253(c)(2).

**4. Evidentiary Hearing**

The Court denied Petitioner's request for an evidentiary hearing. (*See* Order at 95). Petitioner claims that his numerous requests for an evidentiary hearing were not opposed by the State, and that the Court did not find that Petitioner was precluded from receiving an evidentiary hearing. (Mot. to Amend, 13). He maintains that he has alleged facts which, if true, would entitle him to relief, and that he is entitled to an evidentiary hearing in this case. He notes that "a crucial disputed fact is whether [he] would not have pled guilty, waived jury sentencing, and foregone the presentation of mitigation evidence had his counsel provided effective assistance of counsel by conducting an adequate mitigation investigation and then provided competent advice regarding the pros and cons of pleading guilty, waiving jury sentencing, and not presenting mitigation evidence." (Mot. to Amend, 14).

Petitioner claims that his "uncontested allegations" concerning whether he would have proceeded to trial if a proper mitigation investigation had been performed entitles him to an evidentiary hearing. He also argues that the Mississippi Supreme Court's failure to conduct the correct analysis of the prejudice prong of *Strickland* entitles him to an evidentiary hearing. He claims that the Court's Order "overlooks Fifth Circuit case law mandating a federal evidentiary

10

hearing given the circumstances in this case." (Mot. at 14, citing *Morris v. Thaler*, 425 F. App'x 415 (5th Cir. 2011)).

The Court stated in its Order "that an evidentiary hearing is not available to a petitioner if his claims were reviewed on the merits[] unless he meets the standards set forth in § 2254(d)." (Order at 20, citing *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1399 (2011)). Petitioner's claims were adjudicated on their merits in State court, and this Court concluded: "Loden has not demonstrated that the denial of his State petition was contrary to, or involved an unreasonable application of, clearly established federal law, nor has the denial been shown to have been based on an unreasonable determination of facts in light of the evidence presented in the State court proceedings." (Order at 95; *see also* Order at 34, 40, 41, 51, 54, 58, 74, 85, 88).

The Court here also notes that in *Morris* the Fifth Circuit only remanded the case for an evidentiary hearing after it found that the State court acted unreasonably in denying his ineffective assistance claim. *Morris*, 425 F. App'x at 422 n.1. Petitioner asserts that an evidentiary hearing is required to resolve disputes involving credibility determinations, such as the conflict between Petitioner and trial counsel as to the mitigation investigation performed. However, these arguments were presented to the State court and rejected. Deference is afforded to the State court's factual, as well as legal, determinations. *See Richards v. Quarterman*, 566 F.3d 553, 563 (5th Cir. 2009) ("[T]he state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness under § 2254(e)(1), regardless of whether the state court held a full and fair hearing."); *Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010). Petitioner is not entitled to an evidentiary hearing in this case.

## Conclusion

In conclusion, all Petitioner's claims were considered and found without merit as to warranting relief under existing law or the facts of the case, and the Order of September 18,

2013, so discussed them and held. The motion herein to amend the previous judgment is **DENIED**.

      **SO ORDERED** this the 4th day of February, 2014.

    /s/ Neal Biggers
**NEAL B. BIGGERS**
**UNITED STATES DISTRICT JUDGE**